IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00995-PAB

SHERRY SUE COTHRAN,

      Plaintiff,

v.

KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security,

      Defendant.

_____

**ORDER**
_____

This matter comes before the Court on the Complaint [Docket No. 1] filed by plaintiff Sherry Cothran on April 8, 2020. Plaintiff seeks review of the final decision of the defendant (the "Commissioner") denying her claim for insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[2]

**I. BACKGROUND**

On October 4, 2017, plaintiff applied for social security benefits under Title II of the Act. R. at 217. Plaintiff alleged a disability onset date of September 1, 2016.[3] *Id.*

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court will substitute Kilolo Kijakazi as defendant for Andrew Saul, former Commissioner of Social Security.

[2] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

[3] This date is one day after a prior, unfavorable administrative law judge ("ALJ") ruling. Docket No. 16 at 4; Docket No. 17 at 2.

After her claims were initially denied on March 30, 2018, plaintiff requested a hearing before an ALJ. R. at 162, 165. A hearing was held on March 5, 2019. *See* R. at 71.

On May 7, 2019, the ALJ issued a decision denying plaintiff's claim. R. at 50. The ALJ found that plaintiff last met the insured status requirements of the Act on December 31, 2017. R. at 55. She further found that plaintiff had not engaged in substantial gainful activity from plaintiff's alleged onset date of September 1, 2016 through December 31, 2017, her last insured date. *Id.*

The ALJ found that plaintiff had the following severe impairments: lumbar disc disease without facet osteoarthritis, obesity, tendinopathy of the right supraspinatus tendon, rotator cuff syndrome, meniscal tear of the right knee, post arthroscopy, adjustment disorder with depressed mood, and unspecified anxiety disorder. *Id.* The ALJ found that the medical evidence established prediabetes and right upper extremity lipoma, but that they were "non-severe." R. at 55-56. The ALJ concluded that, through the date last insured, plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, or 404.1526. R. at 56. Ultimately, the ALJ concluded that plaintiff, through the date last insured, had the residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) except that the claimant can lift/carry 20 pound[s] occasionally and 10 pounds frequently, sit more than 6 hours, and stand/walk 2 hours of an 8 hour day. The claimant is unable to reach or lift over shoulder height with the right upper extremity, never climb ladders, ropes, or scaffold, occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl and balance. The claimant can work in close proximity to, but not directly with the general public, and can have occasional, noncollaborative interactions with coworkers and supervisors, no teamwork. The claimant can adapt to routine changes in a competitive

> workplace with routine further defined as related to an established procedure and not a changing one, and can follow employer set goals.

R. at 57. The ALJ determined that, through her last insured date, plaintiff was capable of performing past relevant work as a skip tracer, administrative clerk, receptionist, collections clerk, and cleaner. R. at 62. Accordingly, the ALJ found that plaintiff was not disabled between her alleged onset date and last insured date. R. at 63.

On February 13, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. R. at 1. Accordingly, the ALJ's decision is the final decision of the Commissioner.

## II. STANDARD OF REVIEW

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence is more than a mere scintilla, and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and quotation omitted). "The threshold for such evidentiary sufficiency is not high." *Id.* However, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence

or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III.  THE FIVE-STEP EVALUATION PROCESS

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan*, 924 F.2d 972, 974 (10th Cir. 1991).

## IV. DISCUSSION

### A. Background

Plaintiff argues that she is limited to sedentary, unskilled work, and therefore cannot perform her past relevant work, which, coupled with her age, means she is disabled under the Act. Docket No. 16 at 27. Plaintiff alleges the following errors in the ALJ's decision: (1) the ALJ applied the incorrect standard for evaluating disability under the Act; (2) the ALJ's findings regarding the consistency of plaintiff's statements with the medical evidence is not compliant with SSR 16-3p or supported by substantial

5

evidence; (3) substantial evidence demonstrates plaintiff is disabled because she is limited to sedentary, unskilled work; (4) the ALJ failed to cite good reasons for rejecting the opinions of Dr. Peter Weingarten and Dr. Natasha Deming; and (6) the other sources of opinions are insufficient to base plaintiff's disability denial on substantial evidence. *Id.* at 2.

Plaintiff's alleged disability onset date is September 1, 2016. R. at 217. Her date of last insured is December 31, 2017. R. at 55. Therefore, to receive benefits, plaintiff must show she was disabled in this window of time. *See Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1347 (10th Cir. 1990); *see also Hunter v. Astrue*, 321 F. App'x 789, 791 (10th Cir. 2009) (unpublished) ("[T]he issue is whether [claimant] was totally disabled between May 19, 2000, (the day after the adjudication on the prior application) and December 31, 2002 [(the date she was last insured)].").

### B.  ALJ's Findings Regarding Plaintiff's Statements

Plaintiff argues that the ALJ erred in finding that plaintiff's statements were inconsistent with the medical record. Docket No. 16 at 29. An ALJ must follow a two-step process to evaluate a claimant's statements. SSR 16-3p, 2017 WL 5180304, at *3-4 (Oct. 25, 2017). First, the ALJ determines whether there is a medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms; next, the ALJ evaluates the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform work-related activities. *Id.*; *see also* R. at 57-58.

> Once the existence of a medically determinable impairment that could reasonably be expected to produce pain or other symptoms is established, we recognize that some individuals may experience symptoms differently and may be limited by symptoms to a greater or lesser extent than other individuals with the same medical impairments, the same objective medical evidence, and the same non-medical evidence. In considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.

SSR 16-3p, 2017 WL 5180304, at *4. The ALJ recognized that this was the applicable standard, *see* R. at 57-58, but, for the reasons given below, the Court finds that the ALJ erred in failing to make the specific findings required by it.

The ALJ discussed plaintiff's treating history between the alleged onset date and last insured date. *See* R. at 58-60. The ALJ considered the March 2018 opinion of the Consultative Examiner ("CE"), Dr. William Graham, and found it somewhat persuasive except to the extent Dr. Graham found plaintiff moderately limited in the area of working without special supervision. R. at 60-62. The ALJ considered plaintiff's daily activities. R. at 61. The ALJ noted, but did not discuss, the medical opinions of Dr. Frederick Leidal, Dr. Deming, and Dr. Weingarten because these opinions were rendered before the alleged disability onset date. *Id.* The ALJ discussed the opinions of Dr. James T. Keeling, Dr. Howard Platter, and Dr. Patricia Kraft, and found them persuasive. R. at 61-62.

The ALJ's analysis, however, is sparing. The ALJ stated that she

> considered *numerous factors* leading to the conclusion that the claimant is capable of sustaining the range of work described [in the RFC]. *First*, the undersigned considered the examination findings and diagnostics, which do not show findings consistent with that of a totally disabled individual.

7

> *Second*, the undersigned considered the claimant's treatment, which has resulted in improvement in the claimant's impairments, despite being generally conservative in nature.

R. at 58. The ALJ later stated:

> While the claimant alleged multiple physical and mental symptoms, Social Security Regulations provide that an individual's subjective complaints shall not alone be conclusive evidence of disability. Instead, there must be medical signs and findings established by medically acceptable diagnostic techniques. These signs and findings must show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities that could reasonably be expected to produce the pain or other symptoms alleged and would lead to a conclusion that the claimant is under a disability. The medical evidence in this case revealed that claimant has the above-mentioned impairments, which cause some limitations. Thus the undersigned reduced the residual functional capacity to accommodate limitations resulting from these conditions as described herein. However, the undersigned did not find the claimant's allegations that she was incapable of all work activity through her date last insured due to the alleged limitations to be consistent with the totality of the evidence of record in light of the reasons outlined herein.

R. at 62. The error in the ALJ's findings is that they do not track the applicable legal standard or explain their basis. The ALJ did not state whether she found a medically determinable physical or mental impairment that could reasonably be expected to produce plaintiff's pain or other symptoms, as is required by SSR 16-3p. *See* R. at 60-62. The ALJ merely stated that plaintiff had "the above-mentioned impairments, which cause some limitations," and restricted plaintiff's RFC in response to these limitations. R. at 62. However, the "above-mentioned impairments" is an unhelpful descriptor because this includes the ALJ's discussion of plaintiff's entire medical history for the alleged disability period as well as the medical opinions. *See* R. at 58-62. It is unclear if the ALJ is referring simply to the impairments noted by the medical opinions she found persuasive or also to plaintiff's treatment history. With respect to plaintiff's

treatment, the only analysis the ALJ provides is that, in light of a positive November 2017 physical therapy session as well as plaintiff's failure to show up to physical and mental therapy sessions, "the undersigned does not find the treatment history to be entirely supportive of the allegations that the claimant is more limited than found herein prior to her date last insured." R. at 60. This does not provide any conclusion on whether the ALJ found that plaintiff's allegations could reasonably be expected to result in her pain or other symptoms.

Additionally, the ALJ stated that she found plaintiff's allegations that she was incapable of all work activity through the date of the last insured inconsistent with the evidence for "the reasons outlined herein," R. at 62, but does not indicate what the "reasons outlined herein" are. To the extent the ALJ is referencing her opinions on page 58 of the record that the examination findings and diagnostics do not show a totally disabled individual and plaintiff's conservative treatment has resulted in improvement, the ALJ does not tie this opinion to the evidence in the record or explain the basis for this opinion. "[W]hen the ALJ fails to provide a narrative discussion describing how the relevant evidence supports each conclusion, citing both to specific medical and nonmedical evidence, the court must conclude that the ALJ's RFC conclusions are not supported by substantial evidence." *Prier v. Colvin*, 2015 WL 1399696, at *3 (D. Kan. Mar. 26, 2015) (citing *Southard v. Barnhart*, 72 F. App'x 781, 784-785 (10th Cir. 2003)). In this case, the ALJ made general findings without detailing how specific evidence supported each conclusion. Accordingly, the ALJ's determination as to plaintiff's subjective allegations is not supported by substantial evidence.

This failure requires that this case be remanded for additional proceedings.[4] The Court will not address remaining arguments because the ALJ's analysis on remand may impact how other opinions in the record are viewed.[5] *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."); *see also Daniell v. Astrue*, 384 F. App'x 798, 804 (10th Cir. 2010) (unpublished).

## V. CONCLUSION

For these reasons, it is

---

[4] The Court finds that, because additional fact-finding may be useful, remand is appropriate rather than an award of benefits. *See Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (stating that a court considers the length of time the matter has been pending and whether additional fact-finding would serve any useful purpose when deciding whether or not to award benefits). Accordingly, the Court declines plaintiff's invitation to award benefits.

[5] The Court does, however, note that plaintiff's arguments regarding the "treating physician rule," *see* Docket No. 16 at 38-40; Docket No. 18 at 6-7, are misguided. For claims filed before March 27, 2017, treating-source opinions are given "controlling weight" when they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are "not inconsistent" with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *see also Watkins*, 350 F.3d at 1300. However, the regulations were revised for claims, like plaintiff's, filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017), *as amended in* 82 Fed. Reg. 15132 (Mar. 27, 2017). "Under the revised regulations applicable here, the ALJ does not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s), including those from the claimant's medical sources." *Zhu v. Comm'r*, 2021 WL 2794533, at *5 (10th Cir. July 6, 2021) (unpublished) (internal footnote, quotation marks, and alterations omitted). Instead, the ALJ uses the factors noted above to determine the persuasiveness of medical opinions. *See* 20 C.F.R. § 404.1520c.

**ORDERED** that the decision of the Commissioner finding that plaintiff is not disabled is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

DATED May 5, 2022

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge