IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00995-PAB

SHERRY SUE COTHRAN,

    Plaintiff,

v.

KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on Plaintiff's Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act ("EAJA") [Docket No. 25] filed by Sherry Cothran on July 8, 2022. Plaintiff seeks attorney's fees after the Court reversed and remanded the Commissioner's administrative decision for further proceeding on May 5, 2022. Docket No. at 25 at 1. Defendant Kilolo Kijakazi opposes an award of fees under the EAJA, 28 U.S.C. § 2412(d), on the basis that her position was "substantially justified." Docket No. 26 at 1.

**I. BACKGROUND**

On October 4, 2017, plaintiff applied for social security benefits. R. at 217. Plaintiff alleged a disability onset date of September 1, 2016. *Id.* After her claims were

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court will substitute Kilolo Kijakazi as defendant for Andrew Saul, former Commissioner of Social Security.

initially denied on March 30, 2018, plaintiff requested a hearing before an ALJ.  R. at 162, 165.  A hearing was held on March 5, 2019.  See R. at 71.

On May 7, 2019, the ALJ issued a decision denying plaintiff's claim.  R. at 50.  Ultimately, the ALJ found that plaintiff was not disabled between her alleged onset date and last insured date.  R. at 63.  On February 13, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision.  R. at 1.  Thus, the ALJ's decision was the final decision of the Commissioner.

On May 5, 2022, the Court reviewed the ALJ's decision and found reversable error.  Docket No. 22 at 8–10.  The Court ordered the decision remanded for further proceedings and potential fact finding.  Id. at 11.  Plaintiff filed the instant motion for attorney's fees on July 8, 2022.  Docket No. 25.

## II.  STANDARD OF REVIEW

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified."  Manning v. Astrue, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A) (2006)  (emphasis omitted)).  "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position.  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  "Under the EAJA, the government bears the burden of showing that its position was substantially justified."  Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988).  However, the test for substantial justification is simply "one of reasonableness" and "it does not necessarily

2

follow from [a court's] decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification." *Madron v. Astrue*, 646 F.3d 1255, 1257–58 (10th Cir. 2011) (citation omitted). "[I]n the vast majority of cases, a position defending a final administrative decision despite its imperfections will be justified." *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 728 (6th Cir. 2014).

Courts consider the reasonableness of both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) ("'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). The EAJA also gives courts discretion to deny awards when equitable considerations or other "special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).

## III.  ANALYSIS

In the Court's prior order, the Court found the ALJ's analysis failed to track the applicable legal standard or explain the basis for her findings. Docket No. 22 at 8. The ALJ did not state whether she found a medically determinable physical or mental impairment that could reasonably be expected to produce plaintiff's pain or other symptoms, as is required by SSR 16-3p. *Id.*; *see* 20 C.F.R. § 404.1529(a). Additionally, without an explanation or sufficient citation to the record, the ALJ stated that she found plaintiff's allegations that she was incapable of all work activity through the date of the last insured inconsistent with the evidence. Docket No. 22 at 9. The

3

ALJ therefore made general findings without detailing how specific evidence supported each conclusion. Accordingly, the Court found that the ALJ's determination as to plaintiff's subjective allegations were not supported by substantial evidence. *Id.* The Court declined to further scrutinize the decision because other arguments raised on appeal may have been affected by the ALJ's treatment of this case on remand. *Id.* at 10 n.4.

Plaintiff argues that, for the same reasons that the Court concluded that the ALJ's decision was not based on substantial evidence, the decision was not substantially justified. Docket No. 27 at 3 ("[a]n administrative position that is sparing, inadequate, and does not track the applicable legal standard or explain its basis cannot be considered substantially justified."). Defendant argues that the ALJ's decision was reasonable because, although it was insufficiently clear, it indirectly addressed the factors identified in the Commissioner's regulations and SSR 16-3p. Docket No. 26 at 4.

The Court finds that the commissioner's position was substantially justified when considering the government's position in the underlying agency action. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D). In reversing the ALJ's decision, the Court did not find the ALJ's ultimate conclusions unreasonable; rather, the Court found that the ALJ's explanation of her findings failed to track the applicable legal standard with sufficient evidence from the record. Docket No. 22 at 8. The ALJ's conclusions were based on a consideration of "numerous factors" that implicated the ALJ's entire discussion of the medical record, without specifying which evidence and opinions she found persuasive or relevant. R. at 58. Remand was necessary for the ALJ to identify

the evidence supporting her conclusions more clearly and expand her analysis under the factors required by SSR 16-3p.  A review of the ALJ's discussion of the record shows that had she addressed each factor required by 20 C.F.R. § 404.1529, her ultimate conclusions would have had a reasonable basis in fact.  R. at 57–62.  Furthermore, plaintiff does not argue, and the Court did not find, that the ALJ's ultimate conclusions were based on a misapplication of the law.  As such, the ALJ's decision was based on a reasonable basis in law.  *Pierce*, 487 U.S. at 565.

The Court finds that the commissioner's position was substantially justified when considering the government's position in the litigation.  *Hadden*, 851 F.2d at 1267.  A fully justified position taken by an ALJ may still be poorly explained.  *Hays v. Berryhill*, 694 F. App'x 634, 638 (10th Cir. 2017) (unpublished).  The fact that the Commissioner now admits that the ALJ's decision was unclear does not make its defense of the decision unreasonable.  Neither does the fact that the Commissioner failed to address the narrow issue the Court ruled on in its response to plaintiff's forty-three-page brief.  Plaintiff's request for attorneys' fees under EAJA will be denied.

## IV.  CONCLUSION

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Award of Attorney Fees [Docket No. 25] is **DENIED**.

DATED October 31, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

5